UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HARRY NIE,** | ) | **CASE NO. 1:16 CV 954** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **UNITED STATES GOVERNMENT,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Harry Nie filed this action under 28 U.S.C. § 2254, against the United States Government. (ECF No. 1 at 4). In his pleading, he challenges his 2009 state court conviction in the Prince Williams County Circuit Court in Manassas, Virginia. He asserts that his constitutional rights were violated and contends the United States Government should become involved to vacate his conviction.

Petitioner also filed an Application to Proceed *In Forma Pauperis* (ECF No. 4). That Application is granted.

## I. BACKGROUND

Petitioner was convicted on September 14, 2009 in a Virginia state court of five counts

of incest and five counts of sexual battery. He was sentenced to a total of 100 years incarceration with 80 years suspended, leaving a total time to serve of 20 years. He filed a state habeas corpus petition which was denied by the Virginia Supreme Court on April 4, 2012. Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Virginia. That Petition was denied as untimely on September 13, 2012. The Fourth Circuit Court of Appeals affirmed the denial of his Petition as untimely on December 19, 2012. The Fourth Circuit denied his request for a hearing en banc on January 29, 2013. He appealed that decision to the Supreme Court of the United States, who denied his Petition for a Writ of Certiorari on December 9, 2013.

Undeterred, he filed a Petition for a Writ of Mandamus, which the Fourth Circuit denied on April 22, 2013. He attempted to appeal that decision to the Supreme Court but they denied his Petition for a Writ of Certiorari on May 28, 2013. He also filed a Petition for a Writ of Actual Innocence, Motion to Alter or Amend Judgment, Motion for Certificate of Appealability, Notification of Constitutionality Question and Bill of Complaint. None of these filings was effective to overturn his conviction.

Petitioner, who is incarcerated in the Coffeewood Correctional Center in Mitchells, Virginia, has now filed this action under 28 U.S.C. § 2254 seeking to once again challenge his conviction. He claims he was denied the effective assistance of counsel, in violation of the Sixth Amendment. He asks this Court to release him from prison.

## II. LAW AND ANALYSIS

This Court lacks jurisdiction over the Petition for a Writ of Habeas Corpus 28 U.S.C. § 2254. A District Court may only grant a Writ of Habeas Corpus for a person in custody

pursuant to a judgment of state law if he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Watson v. Ohio*, 2010 WL 2730929, *2 (N.D. Ohio 2010) (citing 28 U.S.C. § 2243. "The Writ of Habeas Corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). Therefore, a Court has jurisdiction over a Habeas Corpus Petition only if it has personal jurisdiction over the Petitioner's custodian. *Id*. at 1129. For prisoners, the warden of the facility in which they are held is the proper custodian. *Id*. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (holding that a Petitioner should name as Respondent to his habeas corpus petition the individual having day-to-day control over the facility in which he is being detained).

In this case, Petitioner has no apparent connection to the Northern District of Ohio. He is incarcerated in a Virginia state prison, challenging a sentence imposed in 2009 by a Virginia state court. His custodian is the Warden of the Coffeewood Correctional Center in Mitchells, Virginia. Because the Warden has no contacts with Ohio, this Court lacks jurisdiction over Petitioner's custodian. Naming the United States Government as the Respondent instead of the Warden does not confer jurisdiction to the Northern District of Ohio over this Habeas Petition.

Generally, this Court would transfer the Petition to the United States District Court for the Eastern District of Virginia; however, in this case transfer would be futile. Petitioner already filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the Eastern District of Virginia. That Petition was denied as untimely in 2012. The Third Circuit Court of Appeals denied his request for a Certificate of Appealability on two occasions. The Supreme Court of the United States denied his Petition for a Writ of Certiorari in December 2013. Before a

second or successive Petition for a Writ of Habeas Corpus can be filed in the District Court, the Petitioner must move in the appropriate Circuit Court of Appeals for an order authorizing the District Court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner must obtain permission from the Third Circuit Court of Appeals to file a successive Petition in the Eastern District of Virginia. He cannot use this Court to by-pass the prohibition on filing successive Petitions.

### III. CONCLUSION

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 4) is granted and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                                          s/ Christopher A. Boyko
                                                          CHRISTOPHER A. BOYKO
                                                          UNITED STATES DISTRICT JUDGE

DATED: May 24, 2016